# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED CARREIA, | CASE NO. 1:10-CV-00692-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| JAMES YATES, et al., | (Doc. 1) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |
| _____/ | |

### Screening Order

**I.      Procedural History**

Alfred Carreia ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on April 20, 2010.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Complaint

Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: Warden James Yates, dental assistant C. Banuelos, and dentists K. Forbes and J. Dubiel.

Plaintiff alleges the following.  Plaintiff saw the dentist in 2003, and complained of TMJ[1] in his lower jaw, and requested a mouth guard before he ground his teeth away.  Plaintiff received no care until July 21, 2009.  Defendant Banuelos informed Plaintiff in response to an inmate grievance that he had an appointment in six to eighth weeks.  Plaintiff then received a lower teeth night guard on September 18, 2009.  On December 4, 2009, Plaintiff requested medical treatment for serious pain.  Plaintiff's jaw bone on the left side of his face has no socket or joint, which resulted in further pain.  Plaintiff alleges a violation of the Eighth Amendment.  Plaintiff contends that Defendant Yates as warden is responsible for the medical care of inmates in his custody.  Plaintiff contends that Defendants Forbes and Dubiel failed to provide reasonable and prompt attention for Plaintiff's dental condition.  Plaintiff seeks monetary damages and injunctive relief.

///

///

---

[1] Plaintiff does not state what TMJ is.

2

### III. Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendant Banuelos. Plaintiff alleges that Defendant Banuelos responded to Plaintiff's inmate appeal by scheduling Plaintiff for a dental appointment. Plaintiff fails to allege any facts that indicate Defendant Banuelos knew of and disregarded an excessive risk to Plaintiff's health. *See Farmer*, 511 U.S. at 837.

Plaintiff fails to state a claim against Defendant Yates. Plaintiff alleges at most supervisory liability. The United States Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each

government official, regardless of his or her title, is only liable for his or her own misconduct. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges only that Defendant Yates as warden was responsible. This is an allegation of liability pursuant to a theory of *respondeat superior*, which fails to state a claim.

Plaintiff fails to state a claim against Defendants Forbes and Dubiel. Plaintiff alleges only that Defendants failed to provide reasonable care. This is at most a conclusory allegation, which is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Plaintiff also fails to link Defendant Forbes or Dubiel to any act or omission that caused a constitutional deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### IV.  **Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

4

1     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

   1. The Clerk's Office shall send Plaintiff a complaint form;
   2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
   3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

   IT IS SO ORDERED.

   Dated:   **February 1, 2011**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE