UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED CARREIA, | CASE NO. 1:10-CV-00692-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES YATES, et al., | (DOC. 11) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

I. **Background**

Plaintiff Alfred Carreira ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on April 20, 2010. Doc. 1. On February 2, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. Doc. 10. On February 17, 2011, Plaintiff filed his first amended complaint. Doc. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II. Summary of Amended Complaint

Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants warden James Yates, RDA C. Banuelos, K. Forbes, DDS, and J. Dubiel, DDS.

Plaintiff alleges the following.  Plaintiff arrived at PVSP in 2003.  Plaintiff immediately requested a night guard to protect his teeth from being ground down to his gums and his jaw joint from going out.  Plaintiff's requests were always put off because there were plans to work on his mouth.  He did not get his first mouth guard until some time in 2009, almost six years later. Plaintiff informed them of the pain in his teeth and was told that he had to buy some special toothpaste.  Plaintiff was cautioned to not eat anything that requires too much chewing.

Plaintiff requests injunctive relief in the form of treatment for his dental issues, including pain medication.  Plaintiff also requests monetary damages.

## III. Analysis

Plaintiff fails to link any Defendants to any act or omission that caused a constitutional deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Even if Plaintiff had linked Defendants, Plaintiff still fails to state a claim.  Plaintiff's claim regarding his dental issues appears to arise under the Eighth Amendment.    The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate

1  comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to allege any facts which indicate that any Defendants knew of and disregarded and excessive risk to Plaintiff's health.

**IV.   Conclusion And Recommendation**

Plaintiff fails to state any claims against any Defendants.  The Court provided Plaintiff with an opportunity to cure the deficiencies identified in his complaint, but Plaintiff was unable to do so.  Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that

1. This action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

1    These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:  **May 16, 2011**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE